## McKINNEY v. ROBERTS.[*]

### No. 9342; September 23, 1885.

#### 8 Pac. 3.

**Slander—Allegations on Information and Belief.**—In an action for slander it is not a sufficient averment of the speaking of slanderous words to allege that at a certain time, in the presence of certain persons, "as the plaintiffs are informed and believe," the defendants spoke the words complained of; and the defect in the complaint arising therefrom goes to the sufficiency of the facts stated, and not to the manner of stating them, and may be taken advantage of by a general demurrer.

**Slander—Cost Bill.**—Counsel Fees are not Recoverable in an action of slander by a defendant in whose favor a judgment is rendered, unless such fees are included in his memorandum of costs.

APPEAL from Superior Court, Stanislaus County.

SEARLS, C.—Plaintiffs are husband and wife, and this is an action to recover damages for slanderous words alleged to have been spoken of and concerning the latter by defendant. A demurrer to the complaint was sustained, and, plaintiffs declining to amend, final judgment was rendered in favor of defendant for one hundred dollars counsel fees, as provided by section 7 of an act concerning actions for libel and slander, approved March 23, 1872, and for costs in the sum of seven dollars and seventy-five cents. A memorandum of costs was made out, served and filed, as required by section 1033 of the Code of Civil Procedure, but which did not include the one hundred dollars allowed by the court as a counsel fee.

Appellants claim that the court erred, first, in sustaining the demurrer to the complaint; and, second, in including the sum of one hundred dollars as counsel fees in the judgment, the same not having been mentioned in the memorandum of costs as filed.

The language complained of is set forth in the complaint as follows:

"(2) That on the first day of March, 1883, as the plaintiffs are informed and believe, at the county of Stanislaus, the

*Reversed in bank. See 68 Cal. 192, 8 Pac. 857.

defendant, addressing William Walker, spoke, in the presence of said William Walker and George M. Dewel, the following words, to wit: 'If you wish to see or talk to any woman go over the river and talk to your paramour, Mrs. W. McKinney. By God, sir, she is over at my house visiting to-day.'

"(3) That said words were spoken concerning the plaintiff Susan McKinney.

"(4) That said words were false, except that the said plaintiff Susan McKinney was at the house of said defendant on said day visiting."

The allegation of the complaint is:

"That on the first day of March, 1883, as the plaintiffs are informed and believe, at the county of Stanislaus, the defendant, addressing William Walker, spoke, in the presence of said William Walker and George M. Dewel, the following words, to wit."

"Plaintiffs are informed and believe defendant spoke certain words." Is this a sufficient averment of the speaking? Plaintiffs might have been informed, and might have believed, the defendant to have spoken the words as charged, and yet it may not have been true. Would proof that they were so informed, and that they thus believed, be sufficient to sustain an action? We think not. If denied, the proofs should show the words to have been spoken by the defendant, or the action must fail. No amount of proofs that plaintiffs were informed defendant had thus spoken, and that they believed it, would suffice to establish the fact. The allegata and probata should concur. The averments of the complaint should be as precise and specific as the proofs are required to be. The language used does not exclude the hypothesis that defendant did not speak the words. It may all be true, and the defendant be entirely innocent. Had plaintiffs stated that, upon information and belief, they averred defendant spoke the words in question, quite a different proposition would be presented. Suppose defendant had failed to answer, what would have been the effect of admitting the allegations of the complaint? Why, simply that plaintiffs were so informed, and not that it was true, but that they believed it to be true. We think the defect goes to the sufficiency of the facts stated, and not to the mode of stating them, and therefore that it can be reached by a general demurrer, and that for this reason the demurrer was properly sustained.

2. As to the action of the court in including the counsel fee in its judgment, the same not having been included in the memorandum of costs filed. The order of the court was that defendant have judgment for his costs, and thereupon the clerk seems to have entered the judgment for not only the amount included in the cost-bill, but also for the counsel fee of one hundred dollars. Section 7 of the Statutes of 1871–72, page 533, provides as follows: "In case the action is dismissed, or the defendant recover judgment, he shall be allowed one hundred dollars to cover counsel fees, in addition to the other costs, and judgment therefor shall be entered accordingly."

This court construed the above section in Jacobi v. Baur, 55 Cal. 554, and held it did not have the effect of entitling a party to recover, except in those cases where, under the Code of Civil Procedure, he became entitled to costs; and accordingly held that in a case for slander a plaintiff who recovered less than three hundred dollars was not entitled to one hundred dollars to cover counsel fees. It is allowed to cover counsel fees in addition to the other costs. Treating it as costs, it becomes necessary that the amount thereof should be included in the memorandum filed, pursuant to section 1033 of the Code of Civil Procedure. Not having been included in the cost-bill as filed, it was waived.

We think the judgment of the court below should be modified by striking out the sum of one hundred dollars allowed as counsel fees, and that in all other respects it should be affirmed.

We concur: Foote, C.; Belcher, C. C.

By the COURT.—For the reasons given in the foregoing opinion the judgment is ordered modified by striking therefrom the sum of one hundred dollars allowed as counsel fees, and in all other respects the judgment is affirmed.