STATE OF MAINE
KENNEBEC, ss.

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

2008 JAN 18 P 3: 43

MICHAEL ... ...JOG
CLERK OF COURTS

SUPERIOR COURT
Docket No.: 07-CR-904
JCN -KEN- 1/18/2008

State of Maine,

v.

Scott Shepherd,

Defendant

**ORDER**

DONALD L. GARBRECHT

FEB 5 2008

This matter was heard on January 7, 2008, on the Defendant's Motion to Suppress. Assistant District Attorney James Mitchell represented the State. Attorney Walt McKee represented the Defendant.

Through his motion, Defendant seeks to exclude evidence obtained on October 7, 2007, during a search of the home in which Defendant was residing at the time with his family.

Factual Background

The evidence revealed that in the early morning hours of October 7, 2007, Defendant's wife, Rita, called law enforcement, and requested assistance. When two members of the Augusta Police Department arrived at the Shepherd residence, they spoke with Ms. Shepherd, who informed them that she was concerned about her husband's erratic behavior and wanted him removed from the home. Ms. Shepherd also told the officers that her husband's behavior was similar to his conduct when he used drugs in the past. During her conversation with one of the officers, Ms. Shepherd explained that the Defendant had a history of drug abuse, and that in the past, she discovered evidence of drug use in the bathroom in the office in the home.

When the officers first encountered the Defendant, the Defendant was on the second floor of the house gathering some of his belongings. After the Defendant had gathered some personal items, he prepared to leave. As he was preparing to leave, the Defendant became involved in a conversation just outside the home with one of the officers. While the Defendant spoke with one of the officers outside the home, Ms. Shepherd spoke with the other officer inside the home in the vicinity of the office.

According to Officer Blodgett, the officer with whom Ms. Shepherd spoke, Ms. Shepherd, the record owner of the property, granted permission for the officers to search the office and attached bathroom. Ms. Shepherd maintains that she limited her consent to the bathroom. She explained that she did not want the officers to search the office because the office contains records, including employment records, related to the business that the family operates. Ms. Shepherd also asserts that before she consented to the search, she overheard the Defendant tell the officers that he did not want them to search the office.

Following the conversation, the officers searched the office and the bathroom. While searching the office, the officers found what they believe to be evidence of drug use. Defendant seeks to exclude the evidence, as Defendant contends that the officers did not have permission to search the office.

Discussion

When the State conducts a search on the basis of consent, the State must prove by a preponderance of evidence that the search was conducted pursuant to a valid consent. *State v. Ullring*, 1999 ME 183, 741 A.2d 1065. Defendant argues that the search was unreasonable (1) because Defendant did not consent to the search, and (2) even if Ms. Shepherd's consent is valid, the officers exceeded the scope of the consent.

If, as Defendant argues, Defendant expressly denied the officers permission to search the office and bathroom, the search would be unlawful despite Ms. Shepherd's consent. *Georgia v. Randolph*, 547 U.S. 103 (2006). The State contends, however, that

the Defendant did not deny the officers the right to search the property. In addition, the State asserts that Ms. Shepherd did not limit the scope of her consent.

The persuasiveness of Defendant's motion is directly related to Ms. Shepherd's credibility. If the Court finds Ms. Shepherd's testimony more credible than the testimony of the officers, the Court will grant the Defendant's motion. That is, if the Court believes that Ms. Shepherd either did not grant permission for the officers to search the office, or if the Court believes that the Defendant denied permission to search the office and bathroom, the Court would necessarily conclude that the search was unreasonable.

After consideration of the evidence, the Court is convinced, by a preponderance of the evidence, that contrary to her testimony at the hearing, Ms. Shepherd granted permission to search the office and the bathroom. First, the officers were in every material way consistent in their testimony regarding their conversations with Ms. Shepherd and the Defendant. Significantly, neither officer confirmed Ms. Shepherd's testimony regarding Defendant's denial of the right to search. In fact, Ms. Shepherd is the only person to testify as to the conversation.

In addition, although Ms. Shepherd provided an explanation for her refusal to permit the search of the office (i.e., concern about the business records), in the context of this case, the explanation is not persuasive. When she called law enforcement on October 7, Ms. Shepherd was concerned about her safety and the safety of her family. She willingly allowed the officers into her home, and told them of her concern about her husband's possible drug use. She also informed them that her husband had been in the office for most of the night.

Given that Ms. Shepherd's priority was the safety of her family, given that she was very open about her husband's prior drug use in the home, given that Ms Shepherd allowed the officers into the home without restriction, and given that she volunteered that her husband previously used drugs in the home, including in the bathroom adjacent to the office, the Court believes that it is unlikely that she would have attempted to limit the

search. In short, the Court finds the testimony of the officers to be more credible than Ms. Shepherd's testimony. Because the Court has found the officer's testimony to be more credible than Ms. Shepherd's testimony, the Court similarly concludes that Defendant did not deny the officers the right to search the office. Accordingly, the Court concludes that the State has sustained its burden of establishing that the search was conducted pursuant to and within the scope of the consent provided by Ms. Shepherd.

## Conclusion

Based on the foregoing analysis, the Court denies Defendant's Motion to Suppress.

The Clerk shall incorporate this Order into the docket by reference.

Dated: 1/18/08

_____
Justice, Maine Superior Court

STATE OF MAINE
vs
SCOTT SHEPHERD
45 STATE STREET
AUGUSTA ME 04330

DOB: 08/16/1963
Attorney: WALTER MCKEE
         LIPMAN & KATZ & MCKEE, PA
         227 WATER STREET
         PO BOX 1051
         AUGUSTA ME 04332-1051
         RETAINED 10/29/2007

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CR-2007-00904

**DOCKET RECORD**

State's Attorney: EVERT FOWLE

## Charge(s)

**1   UNLAWFUL POSSESSION OF SCHEDULED DRUG     10/07/2007 AUGUSTA**
**Seq 8571  17-A  1107-A(1)(C)        Class D**

## Docket Events:

10/09/2007 FILING DOCUMENT -  NON CASH BAIL BOND FILED ON 10/07/2007

10/09/2007 BAIL BOND - $1,000.00 UNSECURED BAIL BOND FILED ON 10/09/2007

         Bail Amt:  $1,000
         Date Bailed: 10/07/2007
11/19/2007 Party(s): SCOTT SHEPHERD
         ATTORNEY -  RETAINED ENTERED ON 10/29/2007

         Attorney: WALTER MCKEE
11/19/2007 MOTION -  MOTION FOR DISCOVERY FILED BY DEFENDANT ON 10/29/2007

11/26/2007 Charge(s): 1
         SUPPLEMENTAL FILING -  COMPLAINT FILED ON 11/26/2007

11/28/2007 Charge(s): 1
         HEARING -  ARRAIGNMENT SCHEDULED FOR 11/27/2007 @ 8:00

11/28/2007 Charge(s): 1
         HEARING -  ARRAIGNMENT HELD ON 11/27/2007
         DONALD H MARDEN , JUSTICE
         READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
         DEFENDANT.  21 DAYS TO FILE MOTIONS
11/28/2007 Charge(s): 1
         PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 11/27/2007

11/28/2007 Charge(s): 1
         HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 01/07/2008 @ 8:30

         NOTICE  TO PARTIES/COUNSEL
12/06/2007 MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 12/04/2007

12/06/2007 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 01/07/2008 @ 8:30

                NOTICE  TO PARTIES/COUNSEL
01/09/2008 HEARING -  MOTION TO SUPPRESS HELD ON 01/07/2008
           JOHN  NIVISON , DISTRICT COURT CHIEF JUDGE
           Reporter: MAUREEN WHITEHOUSE
           Defendant Present in Court
01/09/2008 MOTION -  MOTION TO SUPPRESS UNDER ADVISEMENT ON 01/07/2008
           JOHN  NIVISON , DISTRICT COURT CHIEF JUDGE
01/22/2008 MOTION -  MOTION TO SUPPRESS DENIED ON 01/18/2008
           JEFFERY  BEDARD , ASSISTANT CLERK-E
           COPY TO PARTIES/COUNSEL
01/22/2008 Charge(s): 1
           HEARING -  MOTION FOR DISCOVERY HELD ON 01/07/2008
           JOHN  NIVISON , DISTRICT COURT CHIEF JUDGE
           Defendant Present in Court
01/22/2008 MOTION -  MOTION FOR DISCOVERY GRANTED ON 01/07/2008
           JOHN  NIVISON , DISTRICT COURT CHIEF JUDGE
           COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST:  _____
                    Clerk